IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDEX GROUND PACKAGE SYSTEMS, INC., | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) ) |
| v. | ) ) ) |
| APPLICATIONS INTERNATIONAL CORPORATION, | ) ) ) ) ) |
| Defendant/Counter-Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| COMPUTER AID, INC., | ) ) |
| Additional Counter-Defendant. | ) |

Civil Action No. 03-1512
Judge Thomas M. Hardiman

## **MEMORANDUM OPINION**

This matter comes before the Court on FedEx Ground Package System, Inc.'s (FedEx) motion for judgment on the pleadings and Computer Aid, Inc.'s (CAI) motion to dismiss. Both FedEx and CAI seek dismissal of various claims asserted in the counterclaim of Applications International Corporation (AIC), arguing that the claims are preempted by §301 of the Copyright Act, 17 U.S.C. §301. For the reasons that follow, both motions will be denied.

**I.    Facts**

Plaintiff FedEx originally filed this action against AIC asserting claims for breach of contract, unjust enrichment, conversion, and a declaratory judgment that it owns certain software source code. FedEx alleges that AIC failed to perform on a contract to develop and maintain a computer software program that would have automated reporting functions of

FedEx's human resources department. As a result, FedEx claims that it was required to utilize the services of another company, Third-Party Defendant CAI, to complete performance of the contract with AIC.

AIC responded by answering the complaint and filing a counterclaim. The fourth and most recent version of this counterclaim (the third amended counterclaim) includes claims by AIC against FedEx and CAI as a third-party defendant in which AIC alleges: copyright infringement (Count I); misappropriation of trade secrets (Count II); conversion (Count IV); unjust enrichment (Count V); and seeks a declaratory judgment regarding ownership of intellectual property (Count VI). Additionally, AIC asserts a counterclaim for breach of contract against FedEx alone (Count III).

FedEx answered the third amended counterclaim, and CAI responded by filing a motion to dismiss Counts II, IV, V, and VI pursuant to Fed. R. Civ. P. 12(b)(6). FedEx then filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking dismissal of Counts III, IV, V, and VI. FedEx and CAI assert nearly identical arguments in support of their respective motions, namely that the specified causes of action pled by AIC in the third amended counterclaim are preempted by operation of §301 of the Copyright Act, 17 U.S.C. §301. AIC argues that the state law claims avoid preemption because they do not seek to duplicate the subject matter of the cause of action for copyright infringement, but rather address the alleged misappropriation of other elements of the computer program which are excluded from copyright protection.

## II. Legal Standards

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *In re Rockefeller Center Properties Inc.*, 311 F.3d 198 (3d Cir. 2002). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed using the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995).

## III. Discussion

Section 301(a) of the Copyright Act provides:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

3

17 U.S.C. §301(a). In determining whether a state law cause of action is preempted by the Copyright Act, a "functional test" is utilized. *See Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 216 (3d Cir. 2002).

This "functional test" requires two related inquiries: (1) does the subject matter of the claim fall within the subject matter of copyright law, and (2) are the rights to be vindicated by the common law claim equivalent to any rights granted under the Copyright Act? *See Long v. Quality Computers and Applications, Inc.*, 860 F. Supp. 191, 197 (M.D. Pa. 1994)(citing *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987)).

Application of the first prong of this standard is difficult in this case because of the unique characteristics of computer programs. AIC argues that its state law claims are not preempted because they seek to protect the elements of the computer program and other intellectual property that are not subject to copyright protection.

The United States Court of Appeals for the Third Circuit has determined that the literal elements of computer programs, *i.e.*, the source and object codes, are subject to federal copyright protection. *Whelan Assoc., Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1233 (3d Cir. 1986). Moreover, many courts of appeals have agreed that "the scope of the Copyright Act's subject matter is broader than the scope of the Act's protections." *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 455 (6th Cir. 2001); *see also National Basketball Ass'n v. Motorola Inc.*, 105 F.3d 841, 848 (2d Cir. 1997)(subject matter of copyright for purposes of §301 includes both copyrightable and non-copyrightable elements); *United States ex rel. Pamela Birge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir.

1997)(scope and protection of Copyright Act not synonymous); *ProCD, Inc. V. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996)(uncopyrightable idea underlying copyrightable computer program within the subject matter of copyright). *But see Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1296 (11th Cir. 2004)(finding "ideas" to be outside subject matter of Copyright Act because substantively excluded from copyright protection). The foregoing cases demonstrate that a mere showing that copyright protection is unavailable for certain elements of the computer program will not necessarily decide the issue of whether those elements are within the "subject matter" of the Copyright Act.

In light of the foregoing, this Court first must examine the subject matter of AIC's cliams before determining that the Copyright Act preempts any of them. AIC has asserted that the claims in Counts II-VI of the third amended counterclaim seek vindication of their non-copyright intellectual property rights in, *inter alia*, the menus, written materials, procedures and ideas associated with the computer program at issue. Because the factual record remains undeveloped, the Court lacks a sufficient basis upon which to decide the preemption question. Accordingly, the Court cannot conclude at this juncture that no facts exist that would allow the non-moving party to recover. On a more developed factual record, AIC may be able to demonstrate cognizable intellectual property interests in elements of the computer program that are outside the subject matter of the Copyright Act. However, to the extent that these intellectual property interests fall within the subject matter of the Copyright Act, the claims will be preempted to the extent that they seek redress for "mere copying, preparation of derivative works, performance, distribution or display." *Dun & Bradstreet*, 307 F.3d at 217 (citation omitted).

## IV.  Conclusion

For the foregoing reasons FedEx's Motion for Judgment on the Pleadings and CAI's Motion to Dismiss will be denied.

An appropriate Order follows.


Dated:  November 4, 2005

                                                                                      _____
                                                                                      Thomas M. Hardiman
                                                                                      United States District Judge

cc:  Counsel and parties

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDEX GROUND PACKAGE SYSTEMS, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> APPLICATIONS INTERNATIONAL CORPORATION, <br><br> Defendant/Counter-Plaintiff, <br><br> v. <br><br> COMPUTER AID, INC., <br><br> Additional Counter- Defendant. | Civil Action No. 03-1512 <br> Judge Thomas M. Hardiman |

## ORDER

AND NOW, upon consideration of FedEx Ground Package Systems, Inc.'s Motion for Judgment on the Pleadings as to Counts III-VI of Application International Corporation, Inc.'s Third Amended Counterclaim and Computer Aid, Inc.'s Motion to Dismiss Counts II, IV, V, and VI of Application International Corporation, Inc.'s Third Amended Counterclaim, it is HEREBY ORDERED that BOTH motions are DENIED.

Dated: November 4, 2005

_____
Thomas M. Hardiman
United States District Judge

cc: Counsel and parties